**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RFAR GROUP, LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:11-CV-3432-L** |
| | ) | |
| **EPIAR, INC., KEN JURINA, and** | ) | |
| **BOB VAASJO,** | ) | |
| **Defendants.** | ) | |

**FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred the Motion for Costs and Attorney Fees ("Motion") of Defendants

Epiar, Inc., and Ken Jurina (together, "Defendants") to the United States Magistrate Judge for

hearing, if necessary, and for submission of proposed findings and recommendation for disposition

of the Motion. After careful consideration of the Motion, response, briefs, and applicable law, the

Court finds that a hearing is not required and recommends that Defendants' Motion be **denied**.

**Background**

Plaintiff RFAR Group. LLC ("RFAR") originally filed this action on November 8, 2011, in

the 134th Judicial District Court, Dallas County, Texas, asserting state claims against Defendants

and Bob Vaasjo ("Vassjo") for money had and received, unjust enrichment, constructive trust,

disgorgement, and fraudulent transfer. Defendants removed the action to federal court on December

9, 2011. Vaasjo was never served.

RFAR's claims were all premised on its contention that Defendants received fraudulently

transferred funds from third-party Johnny Allie, an individual who created a company called Shift,

LLC, ("Shift") to effect the transfer of funds from his employer Rainier Management to Defendants

and Vassjo in conjunction with Shift's contemplated purchase of Epiar.

Defendants filed a motion to dismiss RFAR's claims based on, *inter alia*, lack of personal jurisdiction. On June 20, 2012, the District Court concluded that it did not have personal jurisdiction over Defendants and dismissed without prejudice RFAR's action against them. On August 30, 2012, the District Court dismissed RFAR's claims against Vassjo under FED. R. CIV. P. 4(m) because RFAR failed to serve Vassjo within 120 days of filing suit and ordered the case closed.

On September 6, 2012, Defendants brought the motion presently under consideration, seeking attorney fees of $62,000 and costs of $660. RFAR filed a response on September 27, 2012. Defendants did not file a reply and the time to do so expired.

## Standard of Review

FED. R. CIV. P. 54(d)(2) provides, in pertinent part:

(A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

(B) Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment. . . .

To be entitled to attorney fees, a party must (1) request attorney fees in its pleadings, and (2) file a timely motion for attorney fees under Rule 54(d)(2) within fourteen days after the entry of final judgment. *United Industries, Inc. v. Simon-Hartley, Ltd.,* 91 F.3d 762, 766 (5th Cir. 1996). Under Rule 54, the term judgment "includes a decree and any order from which an appeal lies." FED. R. CIV. P. 54(a). Unless modified by statute or court order, a party's failure to file a timely motion for attorney fees under Rule 54(d)(2) serves as a waiver of the request. *Simon-Hartley, Ltd.*, 91 F.3d at 766. A fee applicant who seeks to file an untimely fee motion should move for that relief before the

2

district court on grounds of excusable neglect.  *Id.* at 765-66.

Where a judgment of dismissal is rendered as to all served defendants and only an unserved,

nonappearing defendant remains, the judgment as to the served defendants is final.  *Nagle v. Lee*,

807 F.2d 435, 438 (5th Cir. 1987).   The status of the remaining defendant as unserved and

nonappearing is dispositive of the finality of the judgment of dismissal; the unserved defendant is

not a party, and the district court did not need to dispose of the plaintiff's claim against the unserved

party to make the judgment dismissing the suit against the other defendants final.  *Id*.  *See Federal*

*Sav. & Loan Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1470-1476 (5th Cir. 1990).

## Analysis

### FED. R. CIV. P. 54(d)

Defendants contend they are entitled to costs and attorney fees pursuant to FED. R. CIV. P.

54(d).  Plaintiff contends that Defendants' motion is untimely under Rule 54(d)(2)(B)(i) because it

was not filed within fourteen days of the entry of the judgment of dismissal of Defendants and thus,

the passing of fourteen days after the judgment of dismissal effected a waiver of the fees.  *Simon-*

*Hartley, Ltd*., 91 F.3d at 766.   Defendants contend that the judgment was entered on August 30,

2012, when the District Court dismissed the unserved defendant without prejudice and closed the

case.  On the other hand, Plaintiff relies upon *Nagle* and its progeny for the proposition that the final

judgment of dismissal of Defendants was on June 20, 2012 when the District Court entered its

Memorandum Opinion and Order deciding that the Court lacked personal jurisdiction over

Defendants.  *See Nagle*, 807 F.2d at 438; *see also Tullos-Piermont*, 894 F.2d at 1470-1476 and

*Simon Hartley*, 91 F.3d at 766.

The Fifth Circuit has noted that courts generally have interpreted the finality of a judgment in a practical, rather than in a technical, manner *See, e.g., Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949); *Southern Methodist University*, 599 F.2d 707, 711 (5th Cir. 1979). The disposition of "undisposed of" claims against an unserved defendant which will normally require some further district court action in the case, such as dismissing the suit as to the unserved defendant, have been considered as housekeeping or ministerial actions which may legitimately be regarded as *de minimis*. *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152 (1964) (final decision for purposes of appeal is not necessarily the last order in the case).

In this case, Defendants were the only parties served, and they filed a Motion to Dismiss on December 16, 2011. The District Court granted the Motion to Dismiss on June 20, 2012, and dismissed without prejudice the only two served and appearing defendants. With no claims against any party pending, appeal would lie from the District Court's June 20, 2012 dismissal of Defendants for lack of personal jurisdiction, the judgment under Rule 54(a). For purposes of appeal and Rule 54(d), the deadline to appeal and the fourteen-day period to apply for costs and fees began on June 20, 2012. Defendants failed to file their motion until September 7, 2012, months after the deadline expired, thereby waiving their right to seek attorney fees. Moreover, they did not seek leave to file an untimely fee motion on grounds of excusable neglect. For these reasons, the Court recommends that Defendants' motion for attorney fees and costs under Rule 54(d) be denied as untimely.

**Attorney Fees under the Texas Uniform Fraudulent Transfer Act**

The Court now turns to Defendants' claim that they are entitled to recover attorney fees under substantive law, the Texas Uniform Fraudulent Transfer Act (the "Act"). *See* TEX. BUS. & COM.

CODE §§ 24.005, *et seq*.  The purpose of the Act is to prevent debtors from defrauding creditors by placing assets beyond their reach. *Tel. Equip. Network, Inc. v. TA/Westchase Place, Ltd.,* 80 S.W.3d 601, 607 (Tex.App.-Houston [1st Dist.] 2002, no pet.).  The Act provides remedies to creditors of debtors who fraudulently transfer assets under certain circumstances. *See* TEX. BUS. & COM. CODE §§ 24.005 –.006, .008.  Defendants rely upon Tex. Bus. & Com. Code § 24.013 which provides that "[i]n any proceeding under this chapter, the court may award costs and reasonable attorney's fees as are equitable and just."

After considering the purposes of the Act, the Court finds that awarding attorney fees under the Act when the case was dismissed at the most nascent stage of the litigation would discourage creditors from bringing actions under TUFTA.  The Court finds that the cases relied upon by Defendants, such as cases in which a declaratory judgment was entered, are not applicable here.

The District Court's findings in the Memorandum Opinion and Order were directed at Plaintiff's efforts to establish personal jurisdiction over Defendants, not to the substance of its claims under the Act.  Importantly, the District Court's order resolving the jurisdictional issue did not go to the substance of Plaintiff's claims.  The fact that the District Court granted the Motion to Dismiss for lack of personal jurisdiction does not translate into a finding that the suit against Defendants was frivolous or objectively unreasonable.  Additionally, the fact that Plaintiff responded to Defendants' Motion to Dismiss is not dispositive.  Plaintiff took no other action in the litigation.

The Court finds no evidence of bad faith, vexation, wantonness, oppression, or harassment relating to the filing or the maintenance of this action.  Defendants have failed to show any just or equitable reasons for granting attorney fees and costs under the Act to Defendants.  Accordingly, the

5

District Court should exercise its discretion to determine that Defendants are not entitled to an award of attorneys fees and costs under the Act for bringing the Motion to Dismiss.

## Costs under FED. R. CIV. P. 54(d)(1)

### Untimeliness

Pursuant to the Local Rules of the Northern District of Texas, a bill of costs must be filed with the clerk 14 days from the entry of judgment on the docket. L.R. 54.1. As the Court previously found, the deadline for a motion for costs would have been July 5, 2012, fourteen days after the entry of the District Court's Memorandum Opinion and Order. Defendants' motion for costs was filed over two months after the expiration of the fourteen-day period. The motion for costs should be denied as untimely.

### Prevailing Party Status

Alternatively, the Court will consider Defendants' contention that they are the prevailing parties and Plaintiff's response that Defendants lack prevailing party status. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d) creates a strong presumption that the prevailing party will be awarded costs. *Admiral Ins. Co., Inc. v. Arrowood Indem. Co.*, 471 B.R. 687 (N.D. Tex. 2012) (citing *Manderson v. Chet Morrison Contractors., Inc.,* 666 F.3d 373, 384 (5th Cir.2012) (citation omitted)).

"[T]o be a prevailing party, one must receive at least some relief on the merits, which alters . . . the legal relationship of the parties." *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004). Defendants have failed to provide convincing legal authority that they are the

prevailing party.   The District Court dismissed Plaintiff's claims against Defendants without

prejudice.  The suit could be refiled where Plaintiff could obtain personal jurisdiction of Defendants.

The Court finds that neither party prevailed and recommends that each party bear its own costs.

### Costs under 28 U.S.C. § 1919 or 28 U.S.C. § 1920

The controlling statute regarding the award of costs pursuant to a dismissal for want of

jurisdiction is 28 U.S.C. § 1919, which states, "[w]henever any action or suit is dismissed in any

district court . . . for want of jurisdiction, such court may order the payment of just costs." *Id*.  Under

the circumstances present here, the Court recommends that the District Court exercise its discretion

to require each party to bear its own court costs.

### Unreasonable and Excessive Attorney Fees and Unrecoverable Costs

Even assuming that the District Court found that Defendants request for attorney fees and

costs was timely and that attorney fees and costs were warranted in this case, as Plaintiff points out,

the fees and costs Defendants seek are not reasonable, necessary, equitable, or just.

The terms of 28 U.S.C. § 1920 provide that a judge or clerk of court may tax as costs:   (1)

fees of the clerk and marshal;   (2) fees of the court reporter for all or part of the stenographic

transcript necessarily obtained for use in the case;   (3) fees and disbursements for printing and

witnesses;  (4) fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts,

compensation of interpreters, and (under 28 U.S.C. § 1828) salaries, fees, expenses, and costs of

special interpretation services.   28 U.S.C. § 1920.   Absent explicit statutory or contractual

authorization to the contrary, the Court may award only those fees enumerated in 28 U.S.C. § 1920.

7

*Mota v. University of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001).  A district court may decline to award court costs listed in the statute, but it may not award costs that are not included in the statute.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993).

The provisions of 28 U.S.C. § 1920 must be strictly construed.  *Mota*, 261 F.3d at 529.  A party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred, and proof, if applicable, with respect to whether a certain item was "necessarily obtained for use in the case."  *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991).

Defendants seeks costs of $660, including costs that are not recoverable under 28 U.S.C. § 1920, such as costs for computerized legal research totaling $401.88, fees for courier and services totaling $193.73, secretarial overtime totaling $43.20, postage charges of $2.30, and Pacer bills of $3.12.   Inexplicably, some of the costs Defendants seek were incurred in May, 2012, after Defendants filed their Motion to Dismiss.  Defendants have not pointed to  a single cost that is a court cost recoverable under 28 U.S.C. § 1920.  Defendants' request for costs should be denied in its entirety.

With respect to attorney fees, Defendants seek $62,833.07.  Defendants have billed for calls with Canadian counsel, reviewing instructions on service documents for litigation in Canada, working on conversion of client documents into a database, corresponding with the unserved and unrepresented defendant who was never a party to this action, and reviewing a transcript from a deposition in Canada.  None of these services are necessary, reasonable, or related to Defendants' Motion to Dismiss.  Defendants have failed to segregate the fees with respect to the only matter for

which attorney fees conceivably could have been allowed (if the motion had been timely and if the

Court were to find that attorney fees were warranted), namely, preparation and submission of the

Motion to Dismiss.  The Court is not required to sift through twenty-seven pages of client invoices

to discover attorney fees that might have been incurred as a result of Defendants' Motion to Dismiss.

Defendants' request for attorney fees should be denied.

    In sum, Defendants have wholly failed to exercise billing judgment with respect to their

request for attorney fees and costs and are not entitled to the fees and costs requested.

### RECOMMENDATION

    The Court recommends that for the reasons discussed, the District Court should deny

Defendants' Motion for Costs and Attorney Fees.

    SO RECOMMENDED the 9th day of January, 2013.



_____

PAUL D. STICKNEY

UNITED STATES MAGISTRATE JUDGE